IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Frank H.,[1] | ) | C/A No.: 1:21-888-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Kilolo Kijakazi,[2] Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant, Kilolo Kijakazi, Acting Commissioner of the Social Security

Administration ("Commissioner"), by her attorneys, Corey F. Ellis, Interim

United States Attorney for the District of South Carolina, and Andrew R. de

Holl, Assistant United States Attorney for said district, has moved this court,

pursuant to 42 U.S.C. § 405(g), to enter a judgment with an order of reversal

with remand of the cause to the Commissioner for further administrative

proceedings. [ECF No. 19]. The motion represents that Plaintiff consents to

the motion. *Id.*

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Fed. R. Civ. P. 25(d), she is substituted for former Commissioner Andrew Saul as the defendant in this action.

Plaintiff filed a brief alleging the Administrative Law Judge ("ALJ"): (1) made only conclusory findings as to his mental functioning in contravention of the special technique in 20 C.F.R. § 404.1520a; (2) failed to properly assess his mental residual functional capacity ("RFC"); (3) provided insufficient reason for his finding that the treating psychologist's opinions were "not persuasive"; (4) failed to properly evaluate his subjective complaints of pain; and (5) did not sustain the Commissioner's burden to establish he could perform other work existing in significant numbers in the economy. [ECF No. 17]. The Commissioner declines to address these issues individually, but concedes that remand is appropriate pursuant to sentence four of 42 U.S.C. § 405(g), which authorizes the court to remand the case where the Commissioner's decision is not supported by substantial evidence or where she failed to apply the proper legal standard. [ECF No. 19].

Pursuant to the power of this court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), and given the Commissioner's request for remand, this court hereby reverses the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) with a remand of the cause to the Commissioner for further administrative proceedings. *See Shalala v. Schaefer*, 509 U.S. 292 (1993).

Upon remand, the Appeals Council shall vacate the decision and refer the case to an ALJ. The Appeals Council shall direct the ALJ to reassess Plaintiff's functioning in the four domains of mental functioning using the special technique in 20 C.F.R. § 404.1520a; reconsider his subjective allegations; reevaluate his RFC; obtain testimony from a vocational expert; offer an opportunity for a new hearing; take any further action required to complete the administrative record; and issue a new decision. The Clerk of Court is directed to enter a separate judgment pursuant to Fed. R. Civ. P. 58.

IT IS SO ORDERED.

January 10, 2022                    Shiva V. Hodges
Columbia, South Carolina           United States Magistrate Judge